UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. SHULICK,

        Plaintiff,

                                              Case Number 96-10316-BC
v.                                            Honorable David M. Lawson

DAVID SAMALIK d/b/a HYPER-ACTIVE
DESIGNS, LARRY LONIK and MR.
MUSHROOM, INCORPORATED,

        Defendants.
_____/

## ORDER DENYING LETTER REQUEST FOR RENEWAL OF DEFAULT JUDGMENT

        The Clerk of the Court docketed a letter from plaintiff John J. Shulick requesting that a default judgment entered in this matter on April 10, 1997 be renewed. The duration of judgments issued by federal courts is governed by state law. *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999). Under Michigan law, judgments expire after ten years, under Michigan's statute of limitations. *See* Mich. Comp. Laws § 600.5809(3). However, "a party can extend a judgment indefinitely by filing renewal actions to enforce the judgment," provided such an action is filed within ten years from the date of entry of judgment. *Consolidated Rail Corp.,* 170 F.3d at 595.

        The plaintiff in this case is seeking to extend the term of a judgment by letter request, which has been docketed as a motion. The proper procedure, however, would be to file a legal action on the judgment itself. Such an action contemplates the filing of a complaint, issuance of a new case number, paying a filing fee, issuance of a summons, and service of process. Of course, if an action is filed in federal court, the federal court must have subject matter jurisdiction over it.

It appears that the plaintiff has time to renew his judgment. He simply has not followed the proper procedure to do so.

Accordingly, it is **ORDERED** that the letter request to renew the default judgment, construed as a motion, is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 2, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS